IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | 9:26CR12 |
| v. | § | |
| | § | Judge Crone |
| ANDREI SISKOV | § | |

## MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCLOSURE OF DISCOVERY MATERIAL

Pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a), the United States of America, by and through the United States Attorney for the Eastern District of Texas, moves for the entry of an agreed protective order regarding the dissemination of discovery and offense material, including all *Jencks* material that will be provided prior to the trial of this case, and in support thereof states as follows:

I.

In accordance with this court's Discovery Order and pursuant to Fed. R. Crim. P. 16, the government intends to disclose and produce to the defendant's counsel copies of discoverable offense material. The material includes offense reports, witness and victim statements and identifying information, immigration documents, video recordings, and photographs. Additionally, should this case proceed to trial, the government is required and will provide unredacted *Jencks* disclosures to defense counsel prior to trial.

II.

In order to provide full discovery to defense counsel, but also protect witnesses from any harm or improper influence, protect personal identifying information, and preserve the

**Motion for Protective Order – Page 1**

integrity of each witness's testimony, the government requests that this court enter an order of protection regarding the dissemination of the discovery and *Jencks* material in this case.

Specifically, the government requests this court to limit the production of discovery material only to defense counsel and to defense counsel's immediate staff, and that the defendant and others **not** be provided original or duplicate copies of any such disclosures (including, but not limited to copies of documents, audio and/or video recordings, and *Jencks* material which will be provided prior to trial). Additionally, the government requests this court to direct defense counsel not to disclose the contents of these documents to any other person, other than defense counsel's immediate staff, any expert retained by the defendant, and the defendant, without prior notice to the government and authorization from the court or an *ex parte* order from the court.

### III.

The government further requests that this court order that the defendant be allowed to review discovery material only in the presence of his counsel or his counsel's immediate staff, but not be allowed to possess a copy of discovery material (including the *Jencks* material) outside of the courtroom, defense counsel's office, or a meeting location in a facility where the defendant may be held pending trial.

### IV.

The government also requests that all discovery and *Jencks* material provided to the defense counsel in this case be kept in the sole possession of the attorney appointed or retained by the defendant or the attorney's immediate staff, unless otherwise ordered by

**Motion for Protective Order – Page 2**

the court, until conclusion of the case. At the conclusion of the case, the government requests that all discovery and *Jencks* material provided to defense counsel either be destroyed or returned to the government. Defense counsel may disseminate such information to other attorneys representing the defendant in other matters related to this case only upon order of the court or with the agreement of the government. The government further requests that the *Jencks* material and any notes taken by the defendant from these *Jencks* documents be returned to the government or destroyed at the conclusion of the trial.

V.

WHEREFORE, the government respectfully moves this court for an order directing that the material provided to the defense in accordance with Rule 16 and the court's Discovery Order and the *Jencks* material, including but not limited to, offense reports, witness and victim statements and identifying information, immigration documents, video recordings, and photographs, and all *Jencks* disclosures, be subject to a protective order as described above.

For the reasons set forth above, the government respectfully requests that this court enter the proposed protective order.

**Motion for Protective Order – Page 3**

Respectfully submitted,

JAY R. COMBS
UNITED STATES ATTORNEY

*/s/ Lauren Gaston*
LAUREN GASTON
Assistant United States Attorney
Eastern District of Texas
415 South First Street, Suite 201
Lufkin, Texas 75901
(936) 639-4003
(936) 639-4033 Fax
Texas Bar No. 24050647

## CERTIFICATE OF CONFERENCE

I hereby certify that I discussed the issuance of a Protective Order with Gary Bonneaux, counsel of record for defendant. Mr. Bonneaux is not opposed to this motion or proposed Order.

*/s/ Lauren Gaston*
LAUREN GASTON
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document and proposed Order were filed via the court's CM/ECF filing system and a copy was delivered by electronic service to Gary Bonneaux, counsel of record for defendant, on Friday, May 01, 2026.

*/s/ Lauren Gaston*
LAUREN GASTON
Assistant United States Attorney

**Motion for Protective Order – Page  4**